CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 17, 2013

LETTER TO COUNSEL:

      RE:   *John Wesley Collins, Jr. v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-2195

Dear Counsel:

On July 25, 2012, the Plaintiff, John Wesley Collins, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Collins filed his claim for benefits on June 28, 2007, alleging disability beginning on March 19, 2007. (Tr. 167-76). His claim was denied initially on October 25, 2007, and on reconsideration on January 31, 2008. (Tr. 114-18, 123-26). A hearing was held on December 3, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 71-90). Following the hearing, on May 12, 2009, the ALJ determined that Mr. Collins was not disabled during the relevant time frame. (Tr. 95-108). Mr. Collins requested review of the decision, and the Appeals Council ("AC") remanded the case, advising the ALJ to obtain and consider additional evidence regarding Mr. Collin's mental impairments. (Tr. 109-12). A second hearing was held on November 3, 2010 before the same ALJ. (Tr. 39-70). On December 7, 2010, the ALJ issued a second decision and again found that Mr. Collins was not disabled during the relevant time frame. (Tr. 16-37). The AC denied review, (Tr. 1-7), so the December, 2010 decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Collins suffered from the following severe impairments: "status post effects of March 2007 cerebrovascular accident (CVA), hypertension, borderline intellectual functioning with memory impairment, and depression." (Tr. 21). Despite this impairment, the ALJ determined that Mr. Collins retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can do no climbing of ladders or scaffolds and have no exposure to hazards such as dangerous heights or machinery; and he must avoid concentrated

> exposure to heat, cold, dust, fumes, gases, and vibrations. He is further limited to work requiring understanding, remembering, and carrying out of simple instructions only, but is capable of concentrating and persisting at that level of complexity with work breaks normally afforded to the competitive work force.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Collins could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 29-30).

Mr. Collins presents two arguments on appeal: (1) that the ALJ erred by assigning too little weight to the medical opinions of treating physician Dr. James Cockey and consultative examiner Dr. Eva Anderson, and (2) assigned too much weight to state agency physicians Drs. Wessel and Suansilppongse. His arguments lack merit.

First, Mr. Collins alleges that the ALJ erred in weighing the opinion of treating physician Dr. Cockey. Although the opinion of a treating physician can be entitled to controlling weight, such an opinion is not entitled to such weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Moreover, the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(2); SSR 96-5p. Dr. Cockey opined in July, 2009 that Mr. Collins was "not mentally able to hold a job or live independently" and that he did not expect Mr. Collins to improve. (Tr. 1138). The ALJ assigned Dr. Cockey's opinion less than controlling weight because it was unsupported and inconsistent with other evidence, and because Dr. Cockey, as an internist, lacked professional expertise in mental health impairments. (Tr. 27). In October 2008, Dr. Cockey performed a mini-mental status examination on which Mr. Collins scored a 28 out of 30.[1] (Tr. 1009). Further, the ALJ found Dr. Cockey's assessment inconsistent with two neurological consultative exams and two disability evaluation exam reports by neuropsychologist Dr. Glenwood Brooks. (Tr. 28) (citing Tr. 429-38, 1144-53, 1174-75 ("I do not see any evidence of disability of any kind."), Tr. 1218-19 (Neurologist Dr. Walid Kamsheh found no physical disability of any kind and only a "flat affect consistent with depression.")). Mr. Collins argues that the ALJ erroneously discounted Dr. Cockey's opinion by relying on Dr. Brooks's 2007 evaluation report, an assessment made six months after Mr. Collins's stroke when "it was optimistic that Collins would improve." Pl. Mot. 7-8. In fact, the ALJ discussed and cited to Dr. Brooks's August, 2009 opinion in the analysis of Dr. Cockey's opinion. (Tr. 28). At that time, Dr. Brooks assessed that Mr. Collins had "more [than] adequate social skills[,]" "an intellect . . . stronger than his obtained scores[,]" average working memory, and strong mental arithmetic abilities, as well as visual pattern analysis ability and recall of numerals. (Tr. 1149). He surmised that Mr. Collins's lower scores could be attributed to coping difficulty and mild depression. *Id.* I find that the ALJ's assignment of less than controlling weight to Dr. Cockey's

---

[1] A score between 26 and 30 is considered normal in the general population. A. Vertesi et al, *Standardized Mini-Mental State Examination: Use and Interpretation*, 47 Can. Fam. Physician, 2018, 2020 (2001).

was supported by substantial evidence.

Mr. Collins next argues the ALJ erred in assigning "minimal weight" to Dr. Anderson's opinion. Pl. Mot. 8. Dr. Anderson performed a psychological evaluation in June, 2010. (Tr. 1200-09). She found that Mr. Collins was in the borderline range in his capacity for understanding, that his long term memory was mildly impaired, that his persistence and concentration were good, but that he was slow to process and respond. (Tr. 1202). Further, she found he had a GAF of 45, several marked limitations in his ability to understand and carry out instructions, and was markedly limited in his ability to respond to changes at work. (Tr. 1201, 1208). The ALJ afforded minimal weight to Dr. Anderson's assessed marked limitations, because such severe restrictions were not supported by her examination findings. (Tr. 28). Dr. Anderson administered the Wechsler Adult Intelligence Scale (WAIS) test, and Mr. Collins scored a full scale IQ of 74. (Tr. 1201). The test results showed that he was "significantly more competent on verbal reasoning tasks than visuo-spatial ones." *Id.* His score on the tests was consistent with an earlier administration of the test by Dr. Brooks, who determined Mr. Collins had a full scale IQ of 76. (Tr. 1148). While Dr. Anderson assessed marked limitations from her examination, Dr. Brooks determined Mr. Collins's memory and intellect were stronger than his test scores, which was confirmed by Drs. Wessel and Suansilppongse. (Tr. 1155, 1199). Further, Dr. Kamsheh examined Mr. Collins twice, in September 2009 and one month after Dr. Anderson's examination in July 2010, and found that that Mr. Collins had no appreciable disability. (Tr. 1174-75, 1218-19). I find that the ALJ had substantial evidence on which to base his discounting of the marked limitations found by Dr. Anderson.

Second, Mr. Collins contends the ALJ erred in giving the state agency mental assessments by Drs. Wessel and Suansilppongse "considerable weight" because they were made before Dr. Anderson's consultative examination, and because the doctors did not fully explain the evidence relied upon in their assessments. Pl. Mot. 8-9. His argument is without merit. As explained above, the ALJ properly discounted the few marked limitations found by Dr. Anderson. The ALJ considered a number of medical and psychiatric opinions in formulating Mr. Collins's RFC, and specifically analyzed the state agency assessments in light of the later opinions of Drs. Kamsheh and Anderson. (Tr. 27-29). Dr. Anderson's findings from Mr. Collins's WAIS testing were consistent with earlier testing performed by Dr. Brooks and reviewed by Drs. Wessel and Suansilppongse. Contrary to Mr. Collins's contentions, Dr. Wessel explained the evidence he relied upon in the Psychiatric Review Technique form, and that while evidence showed the presence of a severe mental impairment under Listing 12.04, that Mr. Collins's mental issues were not so severe as to support a finding of disability. (Tr. 1166, 1170). Finally, Dr. Suansilppongse's case analysis expressly stated that he had reviewed all of the evidence in the electronic file, and recommended specific changes to Dr. Wessel's findings. (Tr. 1199). However, Dr. Suansilppongse ultimately recommended "affirm[ing] as written" Dr. Wessel's assessment that Mr. Collins was capable of work-related activities. I find no reason to doubt Dr. Suansilppongse's statement that he reviewed the medical files. Remand is therefore unwarranted on this issue.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge